### J. A. MAYHALL v. THE STATE.

No. 17487.    Delivered April 10, 1935.

The opinion states the case.

*J. C. Russell,* of Sinton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted for the offense of wife desertion, and his punishment was assessed at confinement in the state penitentiary for a term of one year.

There is not a bill of exception in the record. The only question presented for review is the insufficiency of the testimony to sustain the conviction. The testimony adduced upon the trial, briefly stated, shows that at the time of the trial the appellant had been married to his present wife approximately 3 years. He and his wife lived in a small house consisting of two small rooms; they had one bed which they occupied until some time in the fall of 1933 when the appellant moved the bed into the back room in which he slept and cooked but would not permit his wife to occupy the bed with him. Consequently, she had to sleep on the floor in the larger room. On November 15, 1933, he gave her $34 which she used in purchasing groceries for herself and which lasted for a period of seven months. Since said time he did not give her any money or groceries. The only clothes which he ever purchased for her were two cotton dresses which cost 98 cents each, one pair of shoes, and two pairs of hose. Her kinfolks gave her all of her other clothes. The appellant was a blacksmith by trade and he owned a small shop and a very few tools and he endeavored to make a living by the use of his trade. It appears from the testimony that some days he would make fifty cents to a dollar and some days he would not make anything; that he was 59 years old and suffered from rheumatism in his arms which incapacitated him from doing a real day's work; that he had no property except his cabin, shop and a few tools; that he was not financially able to supply himself with the necessary coal required in pursuit of his occupation; that he would buy one dollar's worth of coal at a time and frequently had to borrow the dollar. The testimony further showed that the appellant's wife was a delicate woman weighing approximately 80 pounds and that at the time of the trial she appeared emaciated, which indicated that she had been undernourished.

The court in his charge adequately instructed the jury upon the law applicable to the facts proven, and it occurs to us that from the testimony adduced the jury was justified in concluding that the appellant was guilty as charged.

No error appearing in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.